Zimmerman, J.,
 

 dissenting. The relator herein contends that the decennial apportionment of senatorial districts made in May of 1941 by the unanimous action of the apportioning board composed of the Governor, Auditor of State and Secretary of State is unconstitutional and void.
 

 Tn
 
 State, ex rel.,
 
 v.
 
 Campbell,
 
 48 Ohio St., 435, 436, 27 N. E., 884, 885, the statement is made:
 

 “To authorize this court to interfere and command the board to make another apportionment, the apportionment made must so far violate the rules prescribed
 
 *518
 
 by the Constitution, as to enable us to say, that what has been done is no apportionment at all, and should be wholly disregarded. If by any fair construction of the principles prescribed by the Constitution for making an apportionment, the one made may be sustained, then it cannot be disregarded and a new one ordered.”
 

 By Section 7, Article XI of the Constitution, thirty-three senatorial districts were erected. In the apportionment of senators for the various decenniums since that time, many of the original districts have been annexed to other original districts.
 

 On the assumption that Section 4 of Article XI of the Constitution applies to senatorial districts as well as representative districts, the majority opinion holds that senatorial districts do not fall apart with the lapse of each decennial period, but continue in existence and become the basis for a new decennial apportionment. Consequently, the 1941 apportioning board was required to undertake its work with the senatorial apportionment of 1931 as a starting point and, according to the majority opinion, “there was not a single change that could have been made by the board if it adhered to the Constitution.”
 

 ■ The 1941 apportioning board adopted the view that the senatorial districts are created by Section 7, Article XI of the Constitution, and no new permanent senatorial districts can be established except as prescribed by Section 9 of Article XI;'that the Constitution contemplates a new apportionment of senatorial representation every ten years and that in making annexations of districts having less than three-fourths of a ratio for the ensuing decennium, the numerical order in which such annexations shall be made rests in the sound discretion of the board, the Constitution being silent on the subject.
 

 In other words, the theory pursued by the 1941 apportioning board, and which in my judgment was authorized, is that the constitutional provisions as to an
 
 *519
 
 nexing districts refer to the original thirty-three districts created by the Constitution, and that in applying these provisions a board should interpret the word “district” or “districts” as referring to the original districts and not as referring to districts created at a prior decennium by another board.
 

 Under this interpretation the board, in annexing districts at any decennial period, forms a district for the decennium immediately following, for the purposes of senatorial apportionment during that decennium.
 

 Therefore, a board in annexing or uniting districts at one decennial period should do so with regard to the original thirty-three senatorial districts set up, in the Constitution, and not with regard to districts created at prior decennial periods.
 

 This theory, that the districts created by a board by annexation are to exist only for the decennium, is based on the proposition that Section 8, Article XI of the Constitution, providing that “the same rules shall be applied * * * in annexing districts * * * as are applied to representative districts,” refers to Section 5, Article XI of the Constitution, and does not contemplate Section 4, Article XI, relating to the severing or disuniting of counties in representative districts.
 

 More specifically, Section 4 is confined solely to representative districts, and has its counterpart as to senatorial districts in Section 9.
 

 Recognizing the logic of such approach, it was said in
 
 State, ex rel.,
 
 v.
 
 Campbell, supra,
 
 at page 439 (27 N. E., 886):
 

 “On the other hand, it is argued that, at the end of each decennial period, the original districts, however they may have been united by annexation, again segregate ; in other words fall apart by limitation, and that it then becomes the duty of the board to make a new apportionment without any reference to the manner in which the districts were annexed prior thereto.
 

 
 *520
 
 ‘ ‘ There is much force in the argument of the relator ; but we do -not find it necessary to decide the question